IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COREY BRYANT, a Minor, by and through
Charles and Shari Bryant, Natural Parents; and
CHARLES and SHARI BRYANT                                                PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:12CV37-B-A

CITY OF RIPLEY, MISSISSIPPI, et al.                                     DEFENDANTS

## ORDER DENYING QUALIFIED IMMUNITY

This cause comes before the court upon defendant Allen Stanford's Motion for Qualified Immunity in His Individual Capacity. Upon due consideration, the court finds that the motion is not well taken and should be denied.

Plaintiff Corey Bryant was a student attending Ripley High School when, on October 17, 2011, he was arrested at school by defendant Ripley Officer Rodney Wood and questioned in the school office in the presence of defendant Vice Principal Allen Stanford regarding his alleged involvement in the vandalism of a security camera belonging to the Ripley Parks and Recreation Department. The vandalism occurred after school hours on October 14, 2011. The camera captured the image of the teenaged suspect, another Ripley High School student, prior to the vandalization.

Upon arriving at the school, Wood informed Stanford that he had identified the suspect in the captured image and, with Stanford's approval, removed the suspect student from his classroom and brought him to the school's office. The suspect student informed Stanford that the vandalism did not occur during school hours or during a school event. The student then implicated Bryant in the matter.

Stanford told Wood to remove Bryant from his classroom and bring him back to the school's office. Wood did so, placing Bryant under arrest and informing him that he was being charged with malicious mischief. Neither Stanford nor Wood notified Bryant's parents at this point. Bryant alleges that Stanford interrogated him, repeatedly asking if Bryant was involved in vandalizing the camera, while Wood, in full uniform, blocked the doorway. Stanford denies asking Bryant any question other than whether the incident occurred during school hours or during a school activity. The complaint alleges that Stanford verbally abused Bryant, aggressively interrogating him and violating his personal space. Bryant asserts, for instance, that when he would answer "No" to Stanford's repeated questions, Stanford would respond, "Wrong answer" and ask the question again. The other suspect student testified that school officials, including Stanford, questioned him directly as to whether he was involved in the vandalism.

Stanford stated in his affidavit attached to the present motion that Bryant and the other suspect student informed him that the incident occurred after school hours. He further stated, "Consistent with the treatment of the other student, school officials did not question Bryant further since this was not a school matter. Bryant did state to Officer Wood that it was the other student instead of him who vandalized the security camera." After the interrogation, Wood handcuffed Bryant to the other student suspect and escorted him out of the school and to his patrol car.

The plaintiffs filed this Section 1983 action on April 2, 2012, against the City of Ripley, South Tippah School District, Ripley Police Department, Officer Scott White, as well as Wood and Stanford in their official and individual capacities. The plaintiffs assert a constitutional violation of Bryant's right to be free from unreasonable search and seizure under the Fourth

2

Amendment, a Fourteenth Amendment due process claim and familial relations claim, and a number of state law tort claims. Defendant Stanford has now filed a motion for summary judgment based on qualified immunity.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Government officials performing discretionary functions are immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Fifth Circuit has held:

> In this circuit, the qualified immunity defense involves a shifting burden of proof. Although we sometimes short-handedly refer to only one party's burden, the law is that both bear a burden. The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.

3

*Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992) (internal citations omitted). The Supreme Court mandated a two-step procedure for determining a defendant's entitlement to qualified immunity in *Saucier v. Katz*, 533 U.S. 194 (2001). The court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier*, 533 U.S. at 201). If the plaintiff satisfies the first step, "the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* In *Pearson v. Callahan*, however, the Court receded from the strict mandate set forth in *Saucier* and held that "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

The court finds that the plaintiff has alleged constitutional and statutory violations against defendant Stanford which were clearly established at the time of the alleged misconduct. As the plaintiff notes, it would be disingenuous to argue that the right to be free from unreasonable searches and seizures is not clearly established. The defendant, however, filed his motion for qualified immunity with supporting affidavits, thereby converting the motion from a 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. The plaintiff acknowledged this fact and had the opportunity to respond in accordance with Rule 56, fully briefing the matter in light of the appropriate standard and submitting his own supporting affidavits. The court cannot, therefore, base its ruling strictly on the pleadings, accepting the plaintiff's allegations as true, as it would in a 12(b)(6) context. Applying the summary judgment standard, however, the court comes to no final resolution of the qualified immunity issue because

4

the court finds the existence of genuine issues of material fact with respect to defendant Stanford's actions. This finding, of course, precludes a determination at this time that Stanford is entitled to qualified immunity. For this reason, the defendant's motion for summary judgment based on qualified immunity must be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant Allen Stanford's motion for qualified immunity is **DENIED**.

This, the 27th day of September, 2013.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**