IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COREY BRYANT, a Minor, by and through
Charles and Shari Bryant, Natural Parents; and
CHARLES and SHARI BRYANT                                              PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:12CV37-B-A

CITY OF RIPLEY, MISSISSIPPI; SOUTH
TIPPAH SCHOOL DISTRICT; RIPLEY POLICE
DEPARTMENT; SCOTT WHITE, in his Official
and Individual Capacities; RODNEY WOOD, in
his Official and Individual Capacitites; and ALLEN
STANFORD, in his Official and Individual Capacities            DEFENDANTS

**MEMORANDUM OPINION**

Came on to be heard this day the motion for summary judgment of Defendants City of Ripley, Mississippi,[1] Scott White, and Rodney Wood. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff Corey Bryant was a student attending Ripley High School when, on October 17, 2011, he was arrested at school by defendant Ripley police officer Rodney Wood and questioned in the school office in the presence of defendant vice principal Allen Stanford regarding his alleged involvement in the vandalism of a security camera belonging to the Ripley Parks and Recreation Department. The vandalism occurred after school hours on October 14, 2011. The camera captured the image of the teenaged suspect, another Ripley High School student, prior to the vandalization.

---

[1] Plaintiffs do not dispute that Ripley Police Department was improperly sued. The police department is not a separate political subdivision but simply a department within the City of Ripley, Mississippi.

Upon arriving at the school, Wood informed Stanford that he had identified the suspect in the captured image and, with Stanford's approval, removed the suspect student from his classroom and brought him to the school's office. The suspect student informed Stanford that the vandalism did not occur during school hours or during a school event. The student then implicated Bryant in the matter.

Stanford told Wood to remove Bryant from his classroom and bring him back to the school's office. Wood did so, placing Bryant under arrest and informing him that he was being charged with malicious mischief. Neither Stanford nor Wood notified Bryant's parents at this point. Bryant alleges that Stanford interrogated him, repeatedly asking if Bryant was involved in vandalizing the camera, while Wood, in full uniform, blocked the doorway. Stanford denies asking Bryant any question other than whether the incident occurred during school hours or during a school activity. The other suspect student testified that school officials, including Stanford, questioned him directly as to whether he was involved in the vandalism.

Stanford stated in an affidavit that Bryant and the other suspect student informed him that the incident occurred after school hours. He further stated, "Consistent with the treatment of the other student, school officials did not question Bryant further since this was not a school matter. Bryant did state to Officer Wood that it was the other student instead of him who vandalized the security camera." After the interrogation, Wood handcuffed Bryant to the other student suspect and escorted them out of the school and to his patrol car.

The plaintiffs filed this Section 1983 action on April 2, 2012, against the City of Ripley, South Tippah School District, Ripley Police Department, and Chief of Police Scott White, as well as Wood and Stanford in their official and individual capacities. The plaintiffs assert a

constitutional violation of Bryant's right to be free from unreasonable search and seizure under the Fourth Amendment, a Fourteenth Amendment due process claim and familial relations claim, and a number of state law tort claims. Defendants City of Ripley, White, and Wood have now filed a motion for summary judgment.[2]

## Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e)). In reviewing the evidence, this court must draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In doing so, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S.

---

[2] Defendants South Tippah School District and Allen Stanford have not joined the present motion, but as will be explained hereinbelow, the court is of the opinion that both parties are entitled to summary judgment, and the court hereby gives notice, pursuant to Federal Rule of Civil Procedure 56(f), that the claims against them shall be dismissed if no objection is filed within ten days of this date.

at 151. Plaintiff's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1975 (5th Cir. 1994) (citations omitted).

Analysis

The defendants assert that *Heck v. Humphrey* controls this case. The court agrees. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff seeking to recover damages under Section 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. The crucial question in determining whether *Heck* precludes the plaintiff's § 1983 claims is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The present case concerns a Ripley police officer who detained and arrested the plaintiff, Corey Bryant, who was a minor at the time, pursuant to Mississippi's Youth Court Act, for committing the act of malicious mischief in violation of Miss. Code § 97-17-67, a misdemeanor offense. The parties dispute whether the officer had probable cause to arrest and the manner in which the officer conducted the arrest. The Youth Court, however, found that Bryant committed

the act charged and sentenced him to pay a $40 fine as restitution. This adjudication has not been reversed on appeal, expunged, or otherwise set aside.

The plaintiffs assert that *Heck* is inapplicable here and argues that in Mississippi a youth court adjudication does not rise to the level of a conviction. Section 43-21-561(5) of the Mississippi Code provides:

> No adjudication upon the status of any child shall operate to impose any of the civil disabilities ordinarily imposed on an adult because of a criminal conviction, nor shall any child be deemed a criminal by reason of adjudication, nor shall that adjudication be deemed a conviction.

Miss. Code § 43-21-561(5). To date, the Fifth Circuit has had no occasion to address the role and effect of Section 43-21-51(5) for *Heck* purposes; so this court has no binding authority to guide it on the issue. A number of courts in other circuits have addressed the issue in similar circumstances, however. Among them is an Arizona district court in the case of *Dominguez v. Shaw*, No. CV 10-01173-PHX-FJM, 2011 WL 4543901 (D. Ariz. Sept. 30, 2011). In Arizona, as in Mississippi, a juvenile court adjudication "shall not be deemed a conviction of crime." *Id.* at *2. The minor plaintiff in *Dominguez* was adjudicated a delinquent for resisting arrest and later brought a § 1983 action to recover for, inter alia, alleged false imprisonment and excessive force claims. *Id.* Citing a number of cases in which various courts applied *Heck* to juvenile adjudications, the *Dominguez* court recognized that Arizona (like Mississippi) treats a minor who has committed a crime differently than an adult who has committed the same crime, but the court found no reason why this distinction should extend to *Heck* analysis. *Id.* at *3. The court stated, "Whether the juvenile court's finding is labeled a conviction or an adjudication is, for *Heck* purposes, irrelevant." *Id.* This court finds accordingly.

5

The court will therefore proceed with *Heck* analysis and address whether a judgment in favor of Bryant in this case would necessarily imply the invalidity of his youth court adjudication. In Section 1983 cases stemming from an unlawful arrest, a favorable judgment implies the invalidity of the conviction if "evidence is presented by the prosecution at [the plaintiff's] criminal trial which is a direct or indirect product of one or more of his arrests." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). At Bryant's June 22, 2012 youth court trial for malicious mischief, defendant Officer Wood testified about his investigation and specifically that Bryant, when questioned in the principal's office regarding the incident, admitted being present when the city's camera was vandalized. Bryant's co-defendant testified that Bryant threw a rock at the camera but missed and admitted that he had actually broken the camera with a stick. Bryant also testified under cross examination that he had been present when the vandalism occurred. The Tippah County Youth Court found that Bryant "commit[ed] the act of malicious mischief in violation of Miss. Code § 97-17-67" and ordered Bryant to pay $40.00 in restitution to the City of Ripley. Bryant complied.

All of the evidence presented at Bryant's trial as set forth above was a "direct or indirect product of one or more of [Bryant's] arrests." *Mackey*, 47 F.3d at 746. The plaintiffs' § 1983 claims are therefore an impermissible collateral attack on Bryant's youth court adjudication and sentence. *See, e.g., Morris v. City of Detroit*, 211 Fed. Appx. 409, 2006 WL 3690630 (6th Cir. Dec. 14, 2006) (dismissing based on *Heck* a minor's § 1983 action alleging that officers violated his Fifth and Fourteenth Amendment rights in a coercive interrogation which resulted in a confession). The claims are therefore barred and must be dismissed.

Additionally, the claims are barred because Officer Wood possessed probable cause to arrest for malicious mischief. A plaintiff's criminal conviction necessarily implies that probable cause existed for that particular charge, and by extension, his arrest for that charge. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Plaintiffs' unlawful seizure claim is in essence a claim that Officer Wood lacked probable cause to arrest. The Fifth Circuit has "specifically noted that false-arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity. Such attacks run afoul of *Heck*'s 'policy of finality.'" *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 Fed. Appx. 578, 583 (5th Cir. 2012) (citations omitted).

The plaintiffs' unlawful search and seizure claims would fail even if they were to survive *Heck* analysis. Bryant's seizure was not unlawful because it was based on probable cause. Officer Wood arrested the plaintiff for committing malicious mischief. Mississippi Code § 97-17-67 provides:

> (1) Every person who shall maliciously or mischievously destroy, disfigure, or injure, or cause to be destroyed, disfigured, or injured, any property of another, either real or personal, shall be guilty of malicious mischief.
>
> * * *
>
> (8) Anyone who by any word, deed or act directly or indirectly urges, aids, abets, suggests or otherwise instills in the mind of another the will to so act shall be considered a principal in the commission of said crime and shall be punished in the same manner.

In the present case, an accomplice was caught on film at the scene of the crime. That individual then informed law enforcement that Bryant participated in the crime. These allegations were substantiated by the plaintiff himself when he acknowledged being present at the scene. Officer Wood based his arrest of Bryant on the statements obtained from Bryant's accomplice. Despite

7

the plaintiffs' argument to the contrary, it is well-established that uncorroborated statements from an accomplice can establish probable cause. *See Brown v. Hill*, 438 Fed. Appx. 336, 337 (5th Cir. 2011) (probable cause existed where defendant's three accomplices informed police of defendant's participation in the crime).

The plaintiffs' unlawful search claim fails because the complaint simply asserts that "Corey's backpack was unreasonably searched." This is a legal conclusion containing no factual support and therefore fails as a matter of law. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The plaintiffs also assert a due process claim arguing that Officer Wood's conduct violated Bryant's right to bodily integrity. The plaintiffs are actually challenging Officer Wood's seizure with this claim. This claim is more properly addressed under the Fourth Amendment's reasonableness standard. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). The plaintiffs' due process claim regarding bodily integrity is therefore subsumed within their Fourth Amendment unlawful seizure claim. *See C.H., II ex rel. L.H. v. Rankin County Sch. Dist.*, 415 Fed. Appx. 541, 546 (5th Cir. 2011) (finding that plaintiff's claim of violation of his liberty

interest to be free from unlawful arrest was properly addressed under his Fourth Amendment claim, not under procedural and substantive due process analysis).

To the extent the plaintiffs allege that the defendants violated due process by failing timely to notify Bryant's parents pursuant to the Mississippi Youth Court Act, Miss. Code § 43-21-45, their argument fails because failure to comply with a state statute does not constitute a constitutional violation. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119 (1992) (Section 1983 "does not provide a remedy for abuses that do not violate federal law.").

The plaintiffs' claim regarding "familial relations" is also without merit. The plaintiffs assert that parents have a constitutional right to be notified and present during an investigation if their child is questioned, but they have not identified a case acknowledging such a right. This court has previously rejected and dismissed such a claim in *Edmonds v. Oktibbeha County, Miss.*, No. 1:09CV0070-B-D, 2010 WL 4942273, at *7 (N.D. Miss. Nov. 30, 2010), *aff'd* 675 F.3d 911 (5th Cir. 2012). The court finds that the claim in the case *sub judice* should be dismissed as well.

This court initially denied defendant Allen Stanford's motion for qualified immunity, finding that the plaintiffs had alleged violations of clearly established constitutional rights against Stanford, including violations of Bryant's right to be free from unreasonable search and seizure. The court found it improper at that time to allow Stanford the protection of qualified immunity until the facts of this case could be further developed. Having now determined in this later stage of the litigation that the plaintiffs cannot establish a constitutional violation, that probable cause existed for Bryant's arrest, and that the plaintiffs failed to flesh out their deficient unreasonable search claim beyond the mere legal conclusion initially asserted in the complaint,

9

the court finds that any federal claims against Stanford or the other individual defendants, Chief of Police Scott White and Officer Rodney Wood, in their individual capacities should be dismissed. Defendant Stanford did not join the present motion, however, so the court hereby gives notice, pursuant to Federal Rule of Civil Procedure 56(f), that the claims against him shall be dismissed within ten days of this date if no objection is filed.[3]

The plaintiffs' claims against the municipal defendants,[4] including the individual defendants in their official capacities,[5] must be dismissed as well. The foundation of municipal liability under Section 1983 is that a plaintiff must have suffered a constitutional violation as a result of an official policy, custom, or practice promulgated by municipal policymakers. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

> It is well-established that a city is not liable under § 1983 on the theory of respondeat superior. A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official action or imprimatur. To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. Official policy establishes culpability, and can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy or custom is official only when

---

[3] "The Supreme Court has . . . observed that 'district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (quoting *Celotex*, 477 U.S. at 326).

[4] Defendant South Tippah School District has not joined the present motion, but the court finds, in accordance with the analysis set forth hereinbelow, that it is entitled to summary judgment. The court gives notice pursuant to Federal Rule of Civil Procedure 56(f) that it will, *sua sponte*, grant summary judgment in favor of the school district in ten days if no objection is filed.

[5] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

> it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy. Thus, a plaintiff must show the policy was promulgated by the municipality's policymaker. There is no "de facto" final policymaking authority.

*Id.* The plaintiff must also show "either (1) that the policy *itself* violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences." *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). "A showing of simple or even heightened negligence will not suffice." *Id.*

The plaintiffs make only conclusory allegations regarding the municipal defendants' purported liability for implementing an impermissible policy, failing to train or supervise Officer Wood, and condoning or ratifying Wood's conduct. They do not attempt to assert that the mayor or board of aldermen enacted any official unconstitutional policy, and they unpersuasively argue, without supporting authority or evidence, that Chief of Police Scott White was a policymaker for Section 1983 purposes and that he had final policymaking authority required to establish municipal liability under Fifth Circuit precedent. White oversees the daily functions of the police department, but it is undisputed that the board of aldermen have authority to override any of his decisions.

The only federal right allegedly infringed upon as a result of the alleged policy in the present case is the right to be free from unlawful arrest. The plaintiffs assert in the complaint that "the police department, acting in concert with the school district, routinely questioned kids without probable cause to support any wrongdoing." Even if this action were unlawful (which it is not) and even if such a practice existed (which has not been shown by competent evidence), it

11

does not direct police officers to arrest unlawfully. Further, the court has already determined that no unlawful arrest occurred in this case. To establish municipal liability under Section 1983, the plaintiff must show that the official policy was the moving force behind the violation of a constitutional right. *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). This court has found no constitutional right violated here.

The plaintiffs also assert a failure to train claim against the city regarding Officer Wood's law enforcement training. "The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). The Fifth Circuit "has held that if the training of police officers meets state standards, there can be no cause of action for a failure to train absent a showing that this legal minimum of training was inadequate to enable the officers to deal with the usual and recurring situations faced by jailers and peace officers." *O'Neal v. City of San Antonio*, 344 Fed. Appx. 885, 888 (5th Cir. 2009) (quoting *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)). It is uncontested that Officer Wood was certified under Mississippi law as a law enforcement officer who received law enforcement training in accordance with state law. The plaintiffs make no attempt to argue that Mississippi's law enforcement training is inadequate.

The court finds that the plaintiffs' attempts to establish municipal liability, whether based on allegations of an official policy, custom, or practice or failure to train, are unsuccessful. These claims cannot survive summary judgment, and they must be dismissed.

Finally, the court finds that the plaintiffs' state law claims are barred by the Mississippi Tort Claims Act. The plaintiffs allege claims of negligence, gross negligence, battery, false imprisonment, and intentional infliction of emotional distress. The MTCA alone governs the plaintiffs' state law claims against the municipal defendants and their employees. *L.W. and J.A. v. McComb Separate Mun. Sch. Dist.*, 754 So. 2d 1136, 1138 (Miss. 1999). The MTCA provides that a governmental entity is not liable for any claims:

> [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

Miss. Code § 11-46-9(1)(c). When a police officer has probable cause to arrest – as was the case here – no reasonable juror can conclude that the arresting officer acted with reckless disregard absent some type of excessive force being applied. *See Mitchell v. City of Jackson, Miss.*, 481 F. Supp. 2d 586, 593 (S.D. Miss. 2006) (dismissing state law claim under MTCA because officers possessed probable cause to arrest). The plaintiffs do not allege excessive force in this case. They only challenge Officer Wood's investigation, arrest, and detention of Bryant for the malicious mischief charge. Probable cause has been established in this case. In Mississippi, "a conviction in a prior criminal case is conclusive, in a subsequent civil action, of the facts upon which the conviction was based." *Jordan v. McKenna*, 573 So. 2d 1371, 1376 (Miss. 1990). The plaintiffs therefore cannot prove that Officer Wood acted with reckless disregard, and the plaintiffs' claims under the MTCA must be dismissed.

Conclusion

For the foregoing reasons, the court finds that all defendants in this action are entitled to summary judgment. Defendants Allen Stanford and South Tippah School District, however, did not join the present motion. The court therefore hereby gives notice pursuant to Federal Rule of Civil Procedure 56(f) that it will, *sua sponte*, grant summary judgment in favor of defendant Allen Stanford and defendant South Tippah School District if no objection is filed within ten days. The remaining defendants will be dismissed by the separate order in accord with this opinion which shall issue this day.

This, the 17th day of February, 2015.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**