IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COREY BRYANT, a Minor, by and through
Charles and Shari Bryant, Natural Parents; and
CHARLES and SHARI BRYANT                                                                PLAINTIFFS

V.                                                                             CIVIL ACTION NO. 3:12CV37-B-A

CITY OF RIPLEY, MISSISSIPPI; SOUTH
TIPPAH SCHOOL DISTRICT; RIPLEY POLICE
DEPARTMENT; SCOTT WHITE, in his Official
and Individual Capacities; RODNEY WOOD, in
his Official and Individual Capacitites; and ALLEN
STANFORD, in his Official and Individual Capacities                                      DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiffs' objection to the court's order proposing a granting of summary judgment, *sua sponte*, in favor of defendants Allen Stanford and South Tippah School District ("school district defendants"). Upon due consideration of the objection and the school district defendants' response, the court finds that the objection should be overruled and summary judgment entered in favor of the school district defendants.

On February 17, 2015, this court granted the summary judgment motion of defendants City of Ripley, Mississippi; Scott White; and Rodney Wood ("Ripley defendants"), finding, inter alia, that this case is controlled by (and the plaintiffs' § 1983 claims consequently barred by) *Heck v. Humphrey*, 512 U.S. 477 (1994). The court further found that the plaintiffs' unlawful seizure claim was without merit because Corey Bryant's arrest was based on probable cause, as a criminal conviction necessarily implies that probable cause existed for that particular charge, and by extension, the arrest for that charge. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). The court dismissed the plaintiffs' unlawful search claim because it was improperly plead.

In granting summary judgment in favor of the Ripley defendants, the court noted that it had initially denied school district defendant Allen Stanford's motion for qualified immunity. Having determined in ruling on the Ripley defendants' motion, however, that the plaintiffs cannot establish a constitutional violation, that probable cause existed for Corey Bryant's arrest, that the plaintiffs failed to flesh out their deficient unreasonable search claim beyond the mere legal conclusion initially asserted in the complaint, and that the plaintiffs failed to establish municipal liability, the court found that any claims against Stanford and South Tippah School District should be dismissed as well, even though those parties did not join the Ripley defendants' motion for summary judgment.

"The Supreme Court has . . . observed that 'district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). The court therefore withheld entry of judgment in favor of the school district defendants, allowing the plaintiffs ten days to object.

The plaintiffs timely filed their objection asserting that they have not been afforded discovery and have thus been unable to secure adequate evidence, that there may be discoverable evidence which would preclude summary judgment, and that the court's initial denial of Allen Stanford's motion for qualified immunity occurred after the Ripley defendants had filed their summary judgment motion – the plaintiffs thus asserting that the evidence contained in said motion was at the court's disposal at the time of ruling on Stanford's motion and that the facts have not changed since.

As an initial matter, it goes without saying that this court is under no obligation when ruling on one defendant's dispositive motion to delve into evidence set forth in the subsequently filed motion of other defendants. In denying Stanford's motion at the outset, the court simply gave the plaintiffs' case the benefit of the doubt and erred, as it is required to do, in favor of the non-moving party.

As for the plaintiffs' access to discovery, while it is true that discovery was stayed when Stanford filed his motion for qualified immunity, the plaintiffs could have conducted discovery related to the qualified immunity motion and, in response to the Ripley defendants' motion for summary judgment, could have sought leave to conduct discovery related to that motion. The plaintiffs, however, did nothing until their claims were dismissed against the Ripley defendants. "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f)[1] is his remedy." *Washington*, 901 F.2d at 1285.

More significantly, the plaintiffs' objection ignores the fact that no evidence exists which could preclude summary judgment in this context against the school district defendants. The Fifth Circuit "has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Id.* As this court has made clear, *Heck v. Humphrey* controls this case and bars the plaintiffs' claims relating to his arrest and detainment. The plaintiffs' causes of action against the school district defendants relate solely to his arrest and detainment.

---

[1] The provisions of former subdivision (f) are now contained in subdivision (d).

No discovery here can change the fact that Bryant was convicted in Youth Court and failed to appeal the decision or have it expunged. This conviction presumes that probable cause existed to detain and arrest the plaintiff, and it flows therefrom that the school district defendants were not unreasonable in the assistance they provided to the Ripley defendants.

For the foregoing reasons, the court finds that the plaintiffs' objection to the court's proposed *sua sponte* entry of summary judgment in favor of defendants Allen Stanford and South Tippah School District should be overruled, that summary judgment should be entered in favor of said defendants, and that this case should be closed. A separate order in accord with this opinion shall issue this day.

This, the 27th day of March, 2015.

   /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**